# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDELL HOPKINS, CDCR #V-97737,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>DANIEL PARAMO; K. SEIBEL; R. OLSON; J. RAMIREZ,<br><br>                    Defendants. | Civil No.   13cv1153 GPC (PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2]; and**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

      Randell Hopkins ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff has filed a certified copy of his inmate trust account statement which the Court construes as his Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

## I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

1  available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion
2  to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).
3  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded
4  to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
5  § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1 *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's
2 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),
3 which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
4 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the
5 court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board
6 of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7     **A.    1983 standard**

8 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
9 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
10 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
11 United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122
12 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

13     **B.    Eighth Amendment claims**

14 Plaintiff's first cause of action is titled "Freedom from Discrimination, Torture and
15 Degrading Treatment (per) Exile."  (Compl. at 3.)  The Court construes this to be an Eighth
16 Amendment claim.  Plaintiff alleges that on May 2, 2013, an "unwarranted anomaly occurred"
17 which caused the deprivation of his constitutional rights.  (*Id.*)  Plaintiff's allegations lack any
18 specific factual content but it appears based on the exhibits attached to his Complaint that he is
19 challenging the lack of sufficient television channels at RJD broadcasting in English.  (*Id.*, *see
20 also Ex.* Inmate/Parolee Appeal dated May 5, 2013.)

21 The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a
22 duty on prison officials to provide humane conditions of confinement and to take reasonable
23 measures to guarantee the safety of the inmates.  *Helling v. McKinney*, 509 U.S. 25, 31-33
24 (1993).  However, every injury suffered by an inmate does not necessarily translate into
25 constitutional liability for prison officials.  *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir.
26 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does
27 not mandate comfortable prisons.").

28 / / /

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347). This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, the lack of sufficient television channels does not rise to the level of deprivation of "food, clothing, shelter, sanitation, medical care or personal safety." *Hoptowit*, 682 F.2d at 1246. Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

### C.     Fourteenth Amendment Equal Protection

In addition, to the extent Plaintiff suggests generally that he is being "discriminated" against or being treated differently than other prisoners, the "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). "The guarantee of equal protection [under the Fifth Amendment] is not a source of substantive rights or liberties, but rather a right to be free from invidious discrimination in statutory classifications and other governmental activity."

1  *Harris v. McRae*, 448 U.S. 297, 322 (1980) (citations omitted).  However, like claims of
2  conspiracy, conclusory allegations of discrimination are insufficient to state a claim, unless
3  Plaintiff alleges facts which may prove invidious discriminatory intent.  *Village of Arlington*
4  *Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).  Therefore, to
5  allege an equal protection violation, Plaintiff must plead facts to show that each Defendant
6  "acted in a discriminatory manner and that the discrimination was intentional."  *FDIC. v.*
7  *Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted); *Reese v. Jefferson School Dist.*
8  *No. 14J*, 208 F.3d 736, 740  (9th Cir. 2000).  "'Discriminatory purpose' ... implies more than
9  intent as volition or intent as awareness of consequences.  It implies that the decision maker ...
10 selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in
11 spite of,' its adverse effects upon an identifiable group."  *Personnel Administrator of*
12 *Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979).  "[P]urely conclusory allegations of alleged
13 discrimination, with no concrete, relevant particulars," are simply insufficient.  *Forsberg v. Pac.*
14 *Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988).  Here, while Plaintiff has failed
15 to allege that he is a member of a protected class and has failed to allege any "concrete, relevant"
16 facts to show that he was treated differently with a "discriminatory purpose."  *City of Cleburne,*
17 473 U.S. at 439; *Forsberg*, 840 F.3d at 1419; *Feeney*, 442 U.S. at 279.  Thus, Plaintiff's equal
18 protection allegations fail to state a claim upon which relief can be granted.

19      **D.    Respondeat Superior**

20      Finally, to the extent Plaintiff seek to sue Defendants based merely on their supervisory
21 positions, such allegations are insufficient to state a claim against these Defendants because
22 there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d
23 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and
24 focus on the duties and responsibilities of each individual defendant whose acts or omissions are
25 alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th
26 Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the
27 respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which
28 have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*,

794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against any named Defendant.

Therefore, the Court finds that Plaintiff's Complaint must be **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Ph.D., Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

/ / /

/ / /

1     **IT IS FURTHER ORDERED** that:

2     4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.     The Clerk of Court is directed to mail Plaintiff a Court approved civil rights § 1983 form complaint.

**IT IS SO ORDERED.**

DATED: June 27, 2013

                                      HON. GONZALO P. CURIEL
                                      United States District Judge