# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDELL HOPKINS,<br>CDCR #V-97737,<br><br>                             Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO; K. SEIBEL;<br>R. OLSON; J. RAMIRES;<br><br>                            Defendants. | Civil No.      13cv1153 GPC (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 4)** |

## I. PROCEDURAL HISTORY

Plaintiff, Randell Hopkins, a state prisoner, and proceeding in pro se, initially filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on May 14, 2013. (ECF No. 1.) In addition, Plaintiff filed a certified copy of his prisoner trust fund account statement which the Court construed to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On June 27, 2013, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (ECF No. 3.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court but instead,

Plaintiff has filed a "Motion for Reconsideration. (ECF No. 4.)

## II. PLAINTIFF'S MOTIONS

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

In his Motion for Reconsideration, Plaintiff begins by informing the Court that he intends to add three additional Defendants to this action. (ECF No. 4 at 1.) Because these proposed Defendants and the additional factual allegations Plaintiff sets forth in his Motion were not contained in the original Complaint, there is no portion of the Court's June 27, 2013 Order that warrants reconsideration. If Plaintiff wishes to add new Defendants and new claims, he must follow the Court's instructions permitting him leave to file an Amended Complaint.

Plaintiff does argue that the Court erred in dismissing the claims against Warden Paramo based on respondeat superior grounds. (ECF No. 4 at 1-2.) Plaintiff argues that as the Warden, Defendant Paramo "knows everything about our behavioral reinforcement and punishment with our discipline." (*Id.* at 1.) As the Court stated in the June 27, 2013 Order, supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. (ECF No. 3 at 7 citing *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). In Plaintiff's Motion and his original Complaint, Plaintiff refers to Defendant Paramo's involvement in general terms based on his supervisory capacity for which he cannot be held liable unless Plaintiff sets forth specific factual allegations as required by *Johnson*.

Accordingly, the Court finds that Plaintiff's request for reconsideration provides the Court with no newly discovered evidence, fails to show clear error, or that the Court rendered a manifestly unjust decision. Plaintiff further fails to identify any intervening changes in controlling law that would demand reconsideration of the Court's June 27, 2013 Order.

### III. CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration. (ECF No. 4.)

**IT IS SO ORDERED**.

DATED: August 5, 2013

HON. GONZALO P. CURIEL
United States District Judge